B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CESAR M. DOBLE | **DEFENDANTS**<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE HARBORVIEW MORTGAGE LOAN TRUST 2005-5, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-5 UNDER POOLING AND SERVICING AGREEMENT DATED JUNE 01, 2005; and ONEWEST BANK, FSB |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>**David A. St. John**<br>**309 South A Street**<br>**Oxnard California 93030-5038**<br>**(805) 486-8000 - (805) 486-8855 fax** | **ATTORNEYS** (If Known) |

**PARTY** (Check One Box Only)

- ☒ Debtor
- ☐ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**PARTY** (Check One Box Only)

- ☐ Debtor
- ☒ Creditor
- ☐ Trustee
- ☐ U.S. Trustee/Bankruptcy Admin
- ☐ Other

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) **Declaratory Judgment and Equitable Relief: Rules 3007, 7001(7) and 7001(9), to Determine Secured Status: §§ 105(a), 502(b)(1), 506, and 544(a), and Rule 3007, and actual and punitive damages under §§ 362(a) and 105(a) for filing a false proof of claim: § 501, and Rules 3001(c) & 3001(d)**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11 - Recovery of money/property - § 542 turnover of property
- ☐ 12 - Recovery of money/property - § 547 preference
- ☐ 13 - Recovery of money/property - § 548 fraudulent transfer
- ☒ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☒ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
- ☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
  **(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61 - Dischargeability - § 523(a)(5), domestic support
- ☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
- ☐ 63 - Dischargeability - § 523(a)(8), student loan
- ☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71 - Injunctive relief - reinstatement of stay
- ☒ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☒ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01 - Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§ 78aaa *et.seq.*
- ☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

- ☐ Check if this case involves a substantive issue of state law
- ☐ Check if a jury trial is demanded in complaint
- ☐ Check if this is asserted to be a class action under FRCP 23
- Demand $

Other Relief Sought **Damages for unfair, deceptive acts and practices Cal Civil Code Sections 1750 et seq**

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br><br>**CESAR M. DOBLE** | | BANKRUPTCY CASE NO.<br><br>**10-11296-MM13** |
| DISTRICT IN WHICH CASE IS PENDING<br><br>**Southern District of California** | DIVISIONAL OFFICE<br><br>**San Diego** | NAME OF JUDGE<br><br>**Judge Margaret M.  Mann** |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE    **June 29, 2010** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)    **David A.  St.  John** | |

# INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system.  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.**  Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

1  David A. St. John
2  ST JOHN LAW OFFICES
   309 South A Street
3  Oxnard California 93030-5038
   (805) 486-8000 ● (805) 486-8855 fax
4  dsj@law-pro.net
   048746)
5
   *Attorney for* Debtor(s)
6
7
8              **UNITED STATES BANKRUPTCY COURT**
9              **SOUTHERN DISTRICT OF CALIFORNIA**
10
11 In re:                           Case No. 10-11296-MM13
12 CESAR M. DOBLE,                   Adversary No. _____
13
14            Debtor.               **COMPLAINT OF THE DEBTOR FOR**
                                    **DECLARATORY JUDGMENT AND FOR**
15                                  **DAMAGES FOR FILING A FALSE**
                                    **PROOF OF CLAIM AND FALSE**
16 CESAR M. DOBLE,                  **DECLARATION AND FOR FAILURE TO**
                                    **PERFECT DEED OF TRUST ON**
17            Plaintiff,            **RESIDENTIAL REAL PROPERTY**
18 vs.
19
20 DEUTSCHE BANK NATIONAL TRUST
   COMPANY, AS TRUSTEE OF THE
21 HARBORVIEW MORTGAGE LOAN
   TRUST 2005-5, MORTGAGE LOAN
22 PASS-THROUGH CERTIFICATES,
   SERIES 2005-5 UNDER POOLING AND
23 SERVICING AGREEMENT DATED
   JUNE 01, 2005, and ONEWEST BANK,
24 FSB,
25            Defendants.
26
27
28

                              -1-

**Introduction**

1. This is an action brought by the Debtor/Plaintiff for a Declaratory Judgment, injunctive and equitable relief as provided for by Rules 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure ("Rules of Bankruptcy Procedure").

2. This is also an action to determine the secured status of the Defendant in this case pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

3. The Debtor is also seeking the recovery of actual and punitive damages from the Defendants pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code commonly referred to as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter the "Bankruptcy Code") for filing a false and fraudulent proof of claim and false declarations in violation of Section 501 of the Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

**Jurisdiction**

4. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counter-claims to the Proof of Claim and matters arising out of the administration of this bankruptcy case and rights duly established under Title 11 of the United States Code and other applicable federal law.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

6. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**The Parties**

7. Cesar M. Doble is a debtor under Chapter 13 of Title 11 of the United States Code.

8. David L. Skelton is the assigned Trustee in Doble's case.

ST. JOHN LAW OFFICES
309 SOUTH A STREET
OXNARD CA 93030-5064
TEL 805.486.8000

9.  Deutsche Bank National Trust Company, as Trustee of the HarborView Mortgage Loan Trust 2005-5, Mortgage Loan Pass-Through Certificates, Series 2005-5 under Pooling and Servicing Agreement dated June 01, 2005, is a national banking association headquartered at 1761 East Saint Andrew Place, Santa Ana, California, but is engaged in activities in San Diego County and throughout California not as a banker, but merely as a trustee engaged in trust activities of the Trust described below, but has never qualified itself to do business in California as a trust.

10. The HarborView Mortgage Loan Trust 2005-5 ("the Trust") is a common law trust formed on or about June 1, 2005, pursuant to New York law.  The corpus of the Trust purportedly consists of a pool of approximately $631,968,200.00 in primarily residential mortgage notes secured by liens on residential real estate.  The Plaintiff is informed and believes and therefore alleges that the Trust has no officers or directors and no continuing duties other than to hold assets and to issue the series of certificates of investment as described in the Prospectus identified below.

11. Said Pooling and Servicing Agreement dated June 1, 2005 is a public legal document filed with the Securities and Exchange Commission on or about September 9, 2005. The Pooling and Servicing Agreement serves to create and to limit the powers and duties of the Trust and the Trustee. The Pooling and Servicing Agreement provides for a double purchase and sale whereby a Seller sells certain mortgage loans to a Depositor which, in turn, sells the mortgage loans to the Trust. As described in the Prospectus, the transactions are designed to be "True Sales" to comply with Internal Revenue Code requirements for a Real Estate Mortgage Investment Conduit, or "REMIC," and to be bankruptcy remote from any claims of the originators of the said loans.  The Pooling and Servicing Agreement also establishes the terms and conditions for servicing the mortgage-backed notes to be held in the trust pool. The website for this document:

http://www.sec.gov/Archives/edgar/data/1332078/000116231805000759/m362_ex4-1.htm. A detailed description of the mortgage loans is included in Form 425(B)(5) ("the

ST. JOHN LAW OFFICES
300 SOUTH A STREET
OXNARD CA 93030-5684
TEL 805.488.8000

1    Prospectus") filed with the Securities and Exchange Commission on July 1, 2005, per

2    SEC Accession No. 0001125282-05-003525 and accepted by the SEC on that date at

3    15:10:24. The Trust's SEC CIK Code for all SEC filings is 0001332078.

4       12. A review of the Pooling and Servicing Agreement indicates that the Seller is

5    Greenwich Capital Financial Products, Inc., the Depositor is Greenwich Capital

6    Acceptance, Inc., the Trustee is Deutsche Bank National Trust Company, and the

7    master Servicer is Indymac Bank, FSB.

8       13. OneWest Bank, FSB, is a federal thrift headquartered in Pasadena, California,

9    and successor to IndyMac Bank, FSB, as master Servicer under the Pooling and

10   Servicing Agreement described above.

11                                   **The Base Case**

12      14. This case was commenced by the filing of a Chapter 13 petition with the Clerk of

13   this Court on June 28, 2010. On June 29, 2010, the attorney for the Debtor provided

14   the Defendants with written notice of the filing and with a copy of the Chapter 13 plan.

15      15. An Order for Relief under the provisions of Chapter 13 of the Bankruptcy Code

16   was duly entered by this Court upon the filing of the petition. This order served to

17   invoke the provisions of Section 362(a) of the Bankruptcy Code.

18      16. The 341(a) meeting of creditors has been scheduled for Friday, August 6, 2010,

19   in San Diego, California.

20      17. The Debtor listed on Schedules A and D a disputed debt to Deutsche Bank

21   National Trust Company in the current outstanding amount of $727,071.47. The debt

22   was disputed to the extent that the Debtor denied that Deutsche Bank National Trust

23   Company or the Trust held a valid, and enforceable secured or unsecured claim against

24   property of the bankruptcy estate, specifically: the debtor's single-family home located

25   at 1466 Heatherwood Avenue, Chula Vista CA 91913-2974, as more particularly

26   described in that Grant Deed recorded on March 16, 2005 as Instrument No. 2005-

27   0216573 of the Official Records of the San Diego County Recorder.

28      18. The Debtor also noted on Schedules A and D that the debt was evidenced by a

-4-

1  residential mortgage instrument ("the Note") in the amount of $650,000.  The Note

2  provides for a rate of interest of 1.00%, adjustable with the first payment on May 1,

3  2005, with monthly payments of $2,090.66 due on the 1st day of each month for a term

4  of 30 years.  The Lender on the Note is Plaza Home Mortgage, Inc.

5     19. The Debtor also indicated on Schedules A and D that the Note was purportedly

6  secured by a Deed of Trust recorded on the same date as the Deed as Instrument No.

7  2005-0216574 of the Official Records of the San Diego County Recorder.

8     20. Mortgage Electronic Registration Systems, Inc. ("MERS"), headquartered in

9  Reston, Virginia, is named as the beneficiary under the Deed of Trust securing the Note

10  but is not a party to and expressly has no beneficial interest in the Note, thereby

11  severing the beneficial interests under the Note and Deed of Trust.

12     21. Plaintiff is informed and believes and thereon alleges that under the terms of said

13  Pooling and Servicing Agreement all assets must be conveyed to the Trust on or before

14  a fixed date of June 1, 2005 (the "Cut-Off Date"), or said assets will not be deemed

15  property or assets of the Trust.

16     22. Under Section 2.01 of the Pooling and Servicing Agreement, as of the Cut-Off

17  Date of June 1, 2005, the Depositor shall transfer to the Trustee for the benefit of the

18  Certificateholders all the interest of the Depositor in the Trust Fund together with the

19  transfer and assignment of each original Note and of each Deed of Trust.

20     23. The Agreement contains a reference to an attached Schedule I, by which each

21  individual mortgage loan in the pool is identified by address and other characteristics,

22  but no such schedule is attached to the document filed with the SEC, and there is no

23  indication in the Pooling and Servicing Agreement of a Deed of Trust against San Diego

24  property held by the Trust, and it is impossible to ascertain from the Pooling and

25  Servicing Agreement itself whether the Deed of Trust is included in the trust pool.

26     24. On November 3, 2009, Debtor's wife, Martha E. Doble, commenced a bankruptcy

27  case, Case No. 09-16970-LA13, by the filing of a Chapter 13 petition with the Clerk of

28  this Court. An Order for Relief under the provisions of Chapter 13 of the Bankruptcy

ST. JOHN LAW OFFICES
300 SOUTH A STREET
OXNARD CA 93030-5684
TEL 805.486.8000

1  Code was duly entered by this Court upon the filing of the petition.  This order served to
2  invoke the provisions of Section 362(a) of the Bankruptcy Code for the Debtor Martha E.
3  Doble and Co-Debtor Cesar M. Doble.

4    25. Plaintiff alleges that on or about January 14, 2010, Deutsche Bank National Trust
5  Company filed a sworn Proof of Claim with this Court in the Bankruptcy Case of Martha
6  E. Doble and was assigned Claim Number 8.  The Proof of Claim was signed by
7  Jennifer Tait, as Authorized Agent for Deutsche Bank National Trust Company and the
8  Trust, and filed by the Law Firm of Robinson Tait, P.S, 710 Second Avenue, Suite 710,
9  Seattle WA 98104.

10    26. Deutsche Bank National Trust Company claimed ownership of the Deed of Trust
11 securing the Note by a chain of assignments attached to the Proof of Claim, as
12 described in paragraphs 27 to 31, below.

13    27. The first purported assignment in the chain is dated June 26, 2009, bearing
14 Instrument Number 09-585385 and a recording date of October 22, 2009, purporting to
15 assign all beneficial interest under the Deed of Trust directly from MERS to OneWest
16 Bank FSB.

17    28. This alleged assignment was signed by one, Suchan Murray, claiming to be an
18 authorized signatory of MERS, and purportedly acknowledged before one, Sheena
19 Gordon, as a Notary Public in the State of Texas. Plaintiff is informed and believes and
20 therefore alleges that the purported assignment was not validly executed and/or
21 acknowledged.

22    29. MERS, the beneficiary of the Deed of Trust, is a stranger to the Pooling and
23 Servicing Agreement because the Agreement is between Greenwich Capital Financial
24 Products, Inc, as Seller, Greenwich Capital Acceptance, Inc., as Depositor, and
25 Deutsche Bank National Trust Company, as Trustee.

26    30. The second purported assignment in the chain is dated November 24, 2009, is
27 unrecorded, and purports to assign all beneficial interest under the Deed of Trust
28 directly from OneWest Bank FSB to Deutsche Bank National Trust Company, as

Trustee of the Harbor View Mortgage Loan Trust 2005-5, Mortgage Loan Pass-Through Certificates, Series 2005-5 under pooling and servicing agreement dated June 1, 2005 This second assignment was signed by one, JC San Pedro, claiming to be an "Authorized Signatory" of OneWest Bank, FSB, and purportedly acknowledged before one, Alex McBride, as a Notary Public in the State of Texas. Plaintiff is informed and believes and therefore alleges that the purported assignment was not validly executed and/or acknowledged.

31. This second belated alleged assignment appears forged and irregular on its face, is postpetition to Case No. 09-16970-LA13 and void as a matter of law pursuant to Sections 362(a)(4) and 549 of Title 11 of the United States Code and constitutes a gross violation of the automatic-stay. This purported assignment was more than four years after the Cut-Off Date of the Pooling and Servicing Agreement, is a transfer directly from the Servicer to the Trustee, does not reference any recorded Power of Attorney and violates the Conveyancing Rule as established under the Pooling and Servicing Agreement.

32. Beginning in January 2010, in order to save their home from foreclosure, Debtor and his wife pursued a loan modification with Defendant OneWest Bank FSB, as a "Participating Servicer" under the federal Home Affordable Modification Program ("HAMP"), as part of the Troubled Asset Relief Program ("TARP").

33. On or about May 6, 2010, OneWest Bank FSB notified Debtor and his wife that they were granted a loan modification and that a Home Affordable Modification Agreement would be forwarded to them for their review and execution.

34. Unknown to the Debtor and his wife, a third purported assignment dated May 19, 2010, was executed by one Brian Burnett, as Vice-President of OneWest Bank, FSB, in Texas, to effectuate the transfer of the Deed of Trust directly from OneWest Bank FSB to Deutsche Bank National Trust Company, as Trustee of the Harbor View Mortgage Loan Trust 2005-5, Mortgage Loan Pass-Through Certificates, Series 2005-5 under pooling and servicing agreement dated June 1, 2005.

ST. JOHN LAW OFFICES
309 SOUTH A STREET
OXNARD CA 93030-5584
TEL.805.486.8000

35. On that same day, May 19, 2010, Brian Burnett executed a sworn Declaration in Support of a Motion to Lift Stay, which was filed on May 24, 2010, in Case No. 09-16970-LA13, Docket 31.

36. This Motion to Lift Stay was filed by Burnett & Matthews, LLP, 4675 MacArthur Court, Suite 1540, Newport Beach CA 92660, as attorneys for Deutsche Bank National Trust Company, as Trustee of said Trust.

37. Attached to the Motion to Lift Stay is said Brian Burnett's sworn Declaration referencing a Limited Power of Attorney dated December 14, 2009, attached as Exhibit "A," thereto, whereby Deutsche Bank National Trust Company allegedly granted authority to OneWest Bank FSB to execute the May 19, 2010 assignment to Deutsche Bank National Trust Company, attached as Exhibit "D," thereto.

38. A review of said Limited Power of Attorney indicates that Deutsche Bank National Trust Company appointed OneWest Bank as its Attorney-in-Fact granting it limited powers "in the Trustee's name, place and stead and for the Trustee's benefit... solely for the purpose of performing such acts and executing such documents in the name of the Trustee necessary and appropriate to effectuate the following enumerated transactions...." The Limited Power of Attorney states that the granting of such limited powers "shall apply only to the following enumerated transactions, and nothing herein or in the Agreement [Pooling and Servicing Agreement] shall be construed to the contrary."

39. Among the enumerated transactions in the Limited Power of Attorney, OneWest Bank FSB is authorized to assign Deeds of Trust in only two situations, as follows: upon repurchase of the mortgage loan secured thereby [paragraph 6 of Exhibit "A"] , or upon payment and discharge of all sums secured by the Deed of Trust [paragraph 7 of Exhibit "A"]. Nothing in the Limited Power of Attorney gives OneWest Bank authority to assign a Deed of Trust to Deutsche Bank National Trust Company, nor would such a transaction from the Trust, by its Attorney in Fact, to the Trust have any legal effect.

40. For the reasons alleged in paragraphs 25 to 39, above, the Motion to Lift Stay containing the false Declaration of Brian Burnett and the fabricated, ineffectual

ST. JOHN LAW OFFICES
3859 SOUTH A STREET
OXNARD CA 93030-5084
TEL.805.486.8000

-8-

1  purported assignment attached as Exhibit "D" thereto, appear to be a further fraud upon

2  this Honorable Court, and a further void <u>postpetition</u> document created in violation of the

3  automatic stay, five years after the Cut-Off Date, and a legally inappropriate and

4  ineffectual transfer executed by the Attorney-in-Fact for the Trust <u>to</u> the Trust, and

5  therefore unenforceable and inappropriate for the represented purpose, and in violation

6  of the Conveyancing Rule as established under the Pooling and Servicing Agreement.

7      41. In the evening of Thursday, May 27, 2010, twenty-one days after Debtor was

8  notified by OneWest Bank FSB of the approval of their loan modification, and while the

9  Motion to Lift Stay was pending before the Court, the Debtor's wife found at the front

10  door of their home in Chula Vista, California, an envelope from OneWest Bank FSB,

11  containing a Home Affordable Modification Agreement with instructions that the

12  executed Agreement and first payment of $3,712.95 had to be received by OneWest

13  Bank FSB in Austin, Texas, on or before May 28, 2010.

14     42. On Friday, May 28, 2010, Debtor contacted OneWest Bank FSB by telephone to

15  requested one week to review, execute, and to mail the package and payment, which

16  was verbally granted by OneWest Bank FSB.

17     43. On Thursday, June 3, 2010, Debtor and his wife completed their review of the

18  Home Affordable Modification Agreement, and even though its terms differed from the

19  prior terms verbally offered by OneWest Bank FSB, Debtor and his wife that day

20  executed and returned the Agreement and payment of $3,712.95 to OneWest Bank

21  FSB.

22     44. On June 8, 2010, despite having received the executed Home Affordable

23  Modification Agreement and payment of $3,712.95, Deutsche Bank National Trust

24  Company proceeded to obtain an Order Lifting the Automatic Stay in Case No. 09-

25  16970-LA13, and OneWest Bank FSB has scheduled Debtor's residence for foreclosure

26  sale on July 20, 2010.

27     45. Plaintiff alleges that Rule 3001(c) of the Bankruptcy Rules and Paragraph 7 of

28  the Official Proof of Claim form expressly require a party filing a Proof of Claim to attach

ST.  JOHN LAW OFFICES
300 SOUTH A STREET
OXNARD CA 93030-5684
TEL.805.486.8000

1  "all supporting documents."  To the extent that no documents are filed in support of a

2  claim, such Proof of Claim is fatally defective.

3      46. Plaintiff alleges that a party seeking to file a claim in any Federal Court "bears the

4  burden of demonstrating standing and must plead its components with specificity."

5  *Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. The minimum

6  constitutional requirements for standing are: proof of injury in fact, causation, and

7  redressability.  *Valley Forge Christian College v Americans United for Separation of*

8  *Church & State, Inc., 454 U.S. 464, 473 (1982)*.  Furthermore, Plaintiff alleges that in

9  order to satisfy the requirements of Article III of the United States Constitution, any

10  claimant asserting rights in a Federal Court must show he has personally suffered some

11  actual injury as a result of the conduct of the adverse party. *Coyne, 183 F.3d at 494;*

12  *Valley Forge, 454 U.S. at 472.*

13      47. In the Proof of Claim described above, the Trust does NOT allege that it is the

14  holder and owner of the Note. The Note and Deed of Trust attached to the Proof of

15  Claim as Exhibits identify the note holder as the original lending institution — Plaza

16  Home Mortgage, Inc.  The Trust's claim to the Deed of Trust is by way of two conflicting

17  purported assignments described above, both of which are void being created

18  postpetition, and both irregular on their face, invalid as a matter of law and pursuant to

19  the controlling legal documents, and unenforceable and inappropriate for the

20  represented purpose. As a result, Deutsche Bank National Trust Company and

21  OneWest Bank FSB are estopped and precluded from asserting any claim in this case,

22  either secured or unsecured.

23      48. Plaintiff is informed and believes and therefore alleges that the Note in this case

24  and the other mortgage loans identified in the Pooling and Servicing Agreement were

25  never actually transferred and delivered by Greenwich Capital Financial Products, Inc to

26  Greenwich Capital Acceptance, Inc., and by Greenwich Capital Acceptance, Inc., to the

27  Trustee for the Trust.  Specifically, the Plaintiff alleges that Section 2.01 of the Pooling

28  and Servicing Agreement provides as follows: "For each mortgage loan . . . the Seller

ST. JOHN LAW OFFICES
300 SOUTH A STREET
OXNARD CA 93030-5084
TEL 805.486.6000

-10-

1    [Greenwich Capital Financial Products] on behalf of the Depositor [Greenwich Capital

2    Acceptance] does hereby deliver on the Closing Date ... and deposit with the Trustee,

3    or the Custodian as its designated agent, the following documents or instruments with

4    respect to each mortgage loan "MORTGAGE FILE" so transferred and assigned: the

5    original Mortgage Note, endorsed either on its face, or by allonge attached thereto in

6    blank, or in the following form: "Pay to the order of Deutsche Bank National Trust

7    Company, as Trustee for Harbor View Mortgage Loan Trust 2005-5, Mortgage Loan

8    Pass-Through Certificates, Series 2005-5..."

9        49. The Prospectus and Prospectus Supplement filed with the SEC in this case on

10    Form 424(B)(5) includes the Risk of Investment in the Trust. The Prospectus and

11    Prospectus Supplement provide on pages 54 of the Core Supplement the risk that

12    "certain losses resulting from a reduction by a bankruptcy court of scheduled payments

13    of principal and interest on a loan or a reduction by the court of the principal amount of a

14    loan" may occur. The Plaintiff alleges that these statements to the potential investors in

15    the Prospectus and the Prospectus Supplement constitute admissions and admissions

16    against interest by the Defendants that security for the Note may not be a perfected

17    claim in the event a loan in the pool becomes involved in a bankruptcy proceeding.

18        50. Plaintiff therefore alleges upon information and belief that none of the Defendants

19    in this case holds a perfected and secured claim in the residential real estate of the

20    Debtor located at 1466 Heatherwood Avenue, Chula Vista CA 91913-2974, and

21    property of this estate in bankruptcy and that all of the said Defendants are estopped

22    and precluded from asserting a secured or unsecured claim against this estate.

**FIRST CLAIM FOR RELIEF**
**(Declaratory and Injunctive Relief)**
**(incorporating all previous allegations)**

25        51. Plaintiff incorporates by reference and re-alleges each and every allegation set

26    forth above, as if fully set forth herein.

27        52. By reason of Defendants' conduct alleged above, Plaintiff is entitled to an

28

ST. JOHN LAW OFFICES
3459 FIFTH A STREET
OXNARD CA 93030-5894
TEL 805.486.6000

1  equitable decree enjoining Deutsche Bank National Trust Company and OneWest

2  Bank, FSB, and each of them, from continuing to file false claims and declarations or

3  from continuing to assert any claim as to an enforceable secured or unsecured claim

4  against property of the estate in bankruptcy.

### SECOND CLAIM FOR RELIEF
### (Failure to Perfect Deed of Trust)
### (incorporating all previous allegations)

53. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

54. Plaintiff alleges that none of the Defendants hold a perfected and secured claim in the residential real estate of the Debtor and the property of this estate in bankruptcy and that all of the said Defendants are estopped and precluded from asserting an unsecured claim against this estate pursuant to Sections 105(a), 502(b)(1), 506 and 544(a) of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

### THIRD CLAIM FOR RELIEF
### (Violations of the Automatic Stay – First Chapter 13 Case)
### (incorporating all previous allegations)

55. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

56. The actions of Deutsche Bank National Trust Company and OneWest Bank, FSB, as set forth hereinabove, constitute willful and egregious violations of the automatic stay pursuant to 11 U.S.C. § 362a)(3), which prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

57. As a result of the Defendants' violations of the automatic stay, Defendants are liable to the Plaintiff for actual damages, legal fees, costs, and treble or punitive damages.

///

ST. JOHN LAW OFFICES
309 SOUTH A STREET
OXNARD CA 93030-5084
TEL 805.486.6000

**FOURTH CLAIM FOR RELIEF**
**(Violations of the Bankruptcy Code)**
**(incorporating all previous allegations)**

58. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

59. Plaintiff is also seeking the recovery of actual and punitive damages from the Defendants and equitable relief pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code commonly referred to as the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (hereinafter the "Bankruptcy Code") for intentionally filing a false and fraudulent proof of claim and a false declaration in violation of Section 501 of the Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

60. Under 11 U.S.C. § 105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process, and to protect the individual and the bankruptcy estate to the extent that the Court finds that filing of a Proof of Claim or Declaration is a fraud upon the Court and/or a fraud upon the Chapter 13 estate.

61. The Court should sanction the Defendants and award the Plaintiff damages as set forth above, and attorney's fees and expenses pursuant to 11 U.S.C. § 105(a).

62. This Defendants' willful and intentional conduct causes harm to the bankruptcy claims process and the bankruptcy estate.

63. As a result of the foregoing acts, the Court should disallow and void the claims of Defendants whether or not the Debtor receives a discharge in the underlying case.

**FIFTH CLAIM FOR RELIEF**
**(Unfair and Deceptive Acts and Practices)**
**(incorporating all previous allegations)**

64. Plaintiff incorporates by reference and re-alleges each and every allegation set forth above, as if fully set forth herein.

65. Although a private actor in certain respects, OneWest Bank FSB's actions and failures to act in implementing the HAMP program are so intertwined with requirements imposed and oversight conducted by United States Treasury Department and its

ST. JOHN LAW OFFICES
309 SOUTH A STREET
OXNARD CA 93030-5584
TEL 805.486.8000

1  financial and administrative agents as to constitute action under color of federal law.

2  66. Plaintiff is an intended third-party beneficiary under the HAMP Contract of

3  OneWest Bank FSB and the United States of America.

4  67. Every contract carries with it an implied covenant of good faith and fair dealing,

5  obligating the contracting parties to perform their obligations under the contract fairly

6  and in good faith, to refrain from engaging in acts that impede others from performing

7  under the contract or deprive others of the benefits of the contract.

8  68. The purpose of the HAMP Contract and HAMP, as well as the Home Affordable

9  Modification Agreement described above, is to protect homeowners, including Plaintiff.

10  By failing to comply with its obligations under said contracts, by filing false claims and

11  declarations, and by proceeding with the foreclosure despite Plaintiff having qualified,

12  executed and having performed his obligations under the Home Affordable Modification

13  Agreement described above, OneWest Bank FSB knew that would cause severe harm

14  and hardship, including the loss of Plaintiff's home.

15  69. The false, fraudulent, deceptive, unfair, and illegal acts outlined above, constitute

16  an unlawful business act or practice within the meaning of the Consumer Legal

17  Remedies Act contained in Civil Code §1750 et sec.

18  70. This claim is brought pursuant to California's Consumer Legal Remedies Act in

19  order to remedy this unlawful conduct and thus seeks permanent injunctive relief to end

20  the described conduct and also seeks to provide restitution and damages to Plaintiff for

21  Defendants' unlawful, deceptive and unfair conduct.

22  As a result of the allegations herein, the Plaintiff respectfully prays for the following

23  relief for all causes of action:

24  a. A finding that neither Deutsche Bank National Trust Company, or the HarborView

25  Mortgage Loan Trust 2005-5, Mortgage Loan Pass-Through Certificates, Series 2005-5

26  or OneWest Bank FSB, have any enforceable secured or unsecured claim against

27  property of the estate in bankruptcy;

28  b. That the sworn Proof of Claim filed by Jennifer Tait with attachments executed by

ST. JOHN LAW OFFICES
309 SOUTH A STREET
OXNARD CA 93030-5984
TEL 805.486.8000

-14-

1  Suchan Murray, JC San Pedro, and the Declaration of Brian Burnett on behalf of the

2  Trust are false, fraudulent, and otherwise unlawful;

3     c.  Award Plaintiff his actual damages, and treble or punitive damages;

4     d.  Grant sanctions against the Defendants in order to prevent future conduct of this

5  kind;

6     e.  Award attorney's fees and costs.

7     f.  Disallow any further Proofs of Claim of Defendants as they lack prima facie

8  validity and fail to comply with the mandatory requirements of Rule 3001;

9     g.  Strike the any of Defendants' Proofs of Claim and declare them void whether or

10 not the Debtor receives a discharge in the base case; and

11    h.  That the Plaintiff have such other and further relief as the Court may deem just

12 and proper.

13 Dated

14                              ST JOHN LAW OFFICES

15

16

17                              David A. St. John
                                Attorney for Plaintiff

18

19

20

21

22

23

24

25

26

27

28