Order Entered on
June 08, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re

CESAR M. DOBLE

                                    Debtor.

BANKRUPTCY NO.   10-11296-MM13

CESAR M. DOLBE

                                    Plaintiff(s)

ADVERSARY NO.   10-90308-MM

v.

DEUTSCHE BANK NAT'L TRUST COMPANY, et al.

                                    Defendants(s)

Date of Hearing: 5/31/11
Time of Hearing: 10:00 a.m.
Name of Judge: Margaret M. Mann

**SCHEDULING ORDER AND ORDER TO SHOW CAUSE WHY DEBTOR'S CHAPTER 13 PETITION AND THE ADVERSARY PROCEEDING FILED BY DEBTOR SHOULD NOT BE DISMISSED DUE TO DEBTOR'S FAILURE TO COMPLY WITH THIS COURT'S ORDERS**

TO: Debtor Cesar M. Doble and David St. John:

IT IS HEREBY ORDERED as set forth on the continuation pages attached, numbered two (2) through nine (9).

DATED: June 08, 2011

Judge, United States Bankruptcy Court

Page 2

DEBTOR: CESAR M. DOBLE                                    CASE NO.:10-11296-MM13

                                                          ADV. NO.:   10-90308-MM

THIS COURT FINDS AND HOLDS as follows:

1.  On June 28, 2010, Debtor Cesar M. Doble (the "Debtor"), represented by Attorney David St. John ("St. John"), filed his voluntary Chapter 13 petition and initial Chapter 13 Plan.  The Debtor's Plan disputed the secured claim on his Chula Vista residence held by Deutsche Bank National Trust Company, as Trustee of the HarborView Mortgage Loan Trust 2005-5, Mortgage Loan Pass-Through Certificates, Series 2005-5 Under the Pooling and Servicing Agreement dated June 1, 2005 ("Deutsche Bank").

2.  The next day, on June 29, 2010, the Debtor filed an Adversary Proceeding, case number 10-90308-MM, against Deutsche Bank and the loan servicer, OneWest Bank, F.S.B. ("OneWest") (collectively "Defendants"), challenging the Defendants' claim and seeking damages for refusal to grant the Debtor a loan modification (the "Adversary Proceeding").

3.  On April 14, 2011, the Court issued its Memorandum Decision Re Motion To Vacate Clerk's Entry of Default and Motion to Dismiss Complaint; Order to Show Cause for Contempt of Court ("Memorandum Decision") in the Adversary Proceeding.  The Memorandum Decision upheld the default due to Defendants' culpable conduct, dismissed some of the causes of action, and allowed some of the causes of action subject to further proceedings.  The Court disallowed Defendants' secured and unsecured claims without prejudice, allowing Defendants to file an amended proof of claim to address the defects in their claim as identified in the Memorandum Decision.  The Court also issued an order to show cause why Defendants should not pay the Debtor's attorney's fees for their conduct in the action.  The Court scheduled a status conference for April 28, 2011 for the parties to discuss compliance with the Memorandum Decision and further proceedings.

4.  As a result of proceedings since the Memorandum Decision, including the Debtor's failure to appear at several recent hearings in the Bankruptcy Case, as well as at a continued status conference in the Adversary Proceeding, and also his failure to comply with orders issued by the Court, it appears the

*Signed by Judge Margaret M. Mann June 08, 2011*

Debtor is unwilling or unable to proceed with this case.  Accordingly, the Court issues this Order to Show Cause why both the Bankruptcy Case and Adversary Proceeding should not be dismissed.[1]

<u>Separate Proceedings in the Bankruptcy Case</u>

5.   On August 9, 2011, the Chapter 13 Trustee filed his Objection to Confirmation of Chapter 13 Plan ("Plan Objection").  The Trustee requested that certain documents be filed by the Debtor, including proof of income to fund the Plan.  The Trustee objected that the Debtor was distributing less to creditors than they would receive in a Chapter 7 liquidation.  The Trustee also objected that the Plan's treatment of Deutsche Bank's claim in paragraphs 16 & 19 was overreaching and could not be administered, and was proposed in bad faith.

6.   A hearing on the Plan Objection was held on November 17, 2010 in Department 3.  The Court continued the hearing to January 26, 2011, and pursuant to a scheduling order entered on November 22, 2010, required that the Debtor file by January 5, 2011 a document addressing the Trustee's objections and explaining the status of the Adversary Proceeding.

7.   On January 5, 2011, the Debtor filed his Status Report as required by the November 22, 2010 scheduling order, responding to the Trustee's objections and stating that depending on the resolution of the Adversary Proceeding, Deutsche Bank's claim may be disallowed in its entirety.

8.   On January 19, 2011, the Trustee filed a Reply.  The Trustee stated that the Plan's treatment of Deutsche Bank was incomprehensible, inconsistent and could not be administered by the Trustee, noting that Paragraph 16 appears to be a rejection of the Debtor's residence, and that Paragraph 19's three contingent provisions for treatment of Deutsche Bank's claim prohibit plan administration by the Trustee. The Trustee also noted several other problems hindering plan confirmation: the Debtor's income on the B22 was not consistent with Schedule I; no rental income was listed; the Trustee had still not received pay

[1]This Order to Show Cause is filed in both the Bankruptcy Case and the Adversary Proceeding.

DEBTOR: CESAR M. DOBLE                                        CASE NO.:10-11296-MM13

ADV. NO.:   10-90308-MM

stubs for the Debtor's wife, unemployment statements, or social security statements; and the Debtor's B22 subtracts Deutsche Bank's secured claim although the Plan provides for no payment to Deutsche Bank.

9.  On January 26, 2011, the hearing on the Plan Objection was continued to April 19, 2011, pending outcome of the Adversary Proceeding.

10.  On April 19, 2011, at 11:00 a.m. in Department 1, after the Memorandum Decision was entered,  a continued hearing on the Plan Objection was held before the Court.  An appearance was made by Rebecca Pennington, Attorney for Trustee.  However, no appearance was made by St. John or otherwise on behalf of the Debtor, and no explanation was presented to the Court regarding the Debtor's failure to appear.

11.  Because no appearance was made by the Debtor at the hearing, the Court continued the Plan Objection hearing to May 31, 2011 at 10:00 a.m., and stated that it would issue a scheduling order requiring that the Debtor file an amended plan.

12.  On April 22, 2011, the Court issued and served on St. John its Scheduling Order After Hearing on Objections to Confirmation of Chapter 13 Plan and Motion to Dismiss Case ("Scheduling Order"). The Scheduling Order stated that on or before May 24, 2011, the Debtor was to do the following:

    a.    Serve and file an amended plan ("Amended Plan") which addresses:

        1)    What payments are proposed to be made to Deutsche Bank for ongoing payments on the loan secured by the first priority deed of trust against the Debtor's residence; and

        2)    What payments are proposed to be made to Deutsche Bank to cure the arrearage on the loan secured by the first priority deed of trust against the Debtor's residence.

    b.    File a declaration describing how any plan payment arrearage will be cured.

DEBTOR: CESAR M. DOBLE

CASE NO.:10-11296-MM13

ADV. NO.:    10-90308-MM

13.  The Debtor did not file the information required by the Scheduling Order on or before May 24, 2011, or before the continued hearing date of May 31, 2011.  The Debtor to date has not filed any of the information required in the Scheduling Order.

14.  On May 26, 2011, the Trustee filed a Statement of Case, and stated that all previous objections remained.  The Trustee stated that the Debtor's income appeared to be understated by $1,000 upon review of the pay stubs provided, and that the Trustee had still not received pay stubs for the Debtor's wife.

Proceedings in the Adversary Case

15.  On April 28, 2011, the status conference on the Adversary Proceeding was held.  Appearances were made by St. John, and Damian Richard, Attorney for Deutsche Bank.  At the status conference, the Court ordered that Deutsche Bank file an amended proof of claim by May 24, 2011.  The Court also ordered that the parties each file a status report on the loan modification which the parties advised they hope would resolve both the bankruptcy case and the Adversary Proceeding. The status conference was continued to May 31, 2011 at 10:00, to be heard with the Plan Objections.

16.  The Debtor did not file, on or before May 24, 2011, any information regarding the status of the loan modification as required by this Court at the April 28, 2011 hearing.  Defendants, however, filed in the Bankruptcy Case a unilateral status report on May 28, 2011.  Defendants informed the Court that on May 2, 2011, Defendants' counsel sent a loan modification package via certified mail to St. John, and that as of May 26, 2011, Defendants' counsel had not received a response on the loan modification package. Defendants also reported that on April 26, 2011, Defendants' counsel spoke with St. John and requested copies of billing statements in order to address the attorney fee issue referenced in the Memorandum Decision.  St. John stated he would provide the billing information, however as of May 26, 2011, despite several follow-up contacts on the part of Defendants, Defendants' counsel had not received the billing

```
DEBTOR: CESAR M. DOBLE                          CASE NO.:10-11296-MM13

                                                ADV. NO.:   10-90308-MM
```

statements.

<u>The May 31, 2011 Hearing</u>

17.   On May 31, 2011, prior to the hearing scheduled for 10:00 a.m., St. John filed with the Court a Notice of Attorney Disability ("Notice") stating that he had suffered a disabling health condition which directly caused him to be unable to work in the capacity as an attorney and to carry on the responsibilities implicit in that capacity.   The Notice stated that St. John notified the Debtor of his disability by telephone and service, and stressed the need for the Debtor to substitute new counsel.   The attached proof of service indicated that the Notice was mailed to the Debtor's residence.

18.   The Notice does not suffice to relieve St. John of his responsibilities as the Debtor's counsel.   Either the Debtor must substitute in new counsel, or St. John must file a motion to withdraw as counsel.   CivLR 83.3(g) and Local Bankruptcy Rule 9010-5.   To date neither of these actions have occurred.

19.   On May 31, 2011 at 10:00 a.m., the Court held the continued hearing on the Plan Objections, and the continued status conference in the Adversary Proceeding.   Appearances were made by Rebecca Pennington, Attorney for Trustee, and Damian Richard, Attorney for Deutsche Bank.   No one appeared on behalf of the Debtor at the May 31, 2011 hearing.

20.   At the May 31, 2011 hearing, Defendants' counsel represented to the Court that he had spoken with St. John that morning and had again requested that the loan modification package be completed and sent to him.   He informed the Court that Defendants had not received any payments on the debt.

21.   Defendants' counsel also represented that Defendants had filed an amended proof of claim, but there was an automated rejection of their claim as a result of the Memorandum Decision.   A review of the Trustee's Notice of Classification of Claim Disallowance indicates that the claim was rejected by the Trustee due to the provision in paragraph 16 of the Plan, which the Trustee interprets as providing for the return of the Debtor's residence in satisfaction of the claim.   A modification of the Plan by the Debtor

DEBTOR: CESAR M. DOBLE                                   CASE NO.:10-11296-MM13

ADV. NO.:   10-90308-MM

should eliminate this disallowance.

22.  Upon review of the amended proof of claim filed by Defendants, the Court finds that the proof of claim is not consistent with this Court's ruling in the Memorandum Decision.  The proof of claim names One West as the creditor, with no mention of the real party in interest, Deutsche Bank.  In the Memorandum Decision this Court held that the endorsement in blank on the Note was not effective until November 8, 2010, and that until proper endorsement the MERS assignment of the deed of trust did not convey enforcement rights.  Additionally, Defendants have again attached to their proof of claim the October 2009 assignment from MERS to One West, and have not provided a recorded assignment to Deutsche Bank dated after November 8, 2010.

23.  Defendants also attached to the amended proof of claim evidence that One West serves as the loan servicer of the Debtor's loan, although the proof of claim names One West as the creditor and does not identify One West as the loan servicer.  Defendants attached portions of a Pooling Servicing Agreement between Indymac Bank and Deutsche Bank, however Defendants did not include any provisions delineating the duties and authority of the loan servicer to file this claim.  Defendants also attached the Servicing Business Asset Purchase Agreement By and Between the FDIC as Receiver for Indymac Federal Bank, FSB, and One West Bank.  Pursuant to this purchase agreement, Indymac Bank's servicing agreements were transferred to OneWest.  Although the attached documents provide evidence that One West is the loan servicer of the loan, the Court requires evidence of One West's authority to file the proof of claim as the agent of Deutsche Bank.

24.  At the May 31, 2011 hearing, both the Trustee and Defendants requested that the Bankruptcy Case be dismissed due to the Debtor's failure to appear and comply with this Court's rules and orders.  The Trustee's counsel informed the Court that the Trustee had not received any of the requested due diligence documents from the Debtor in the year this case has been pending.

*Signed by Judge Margaret M. Mann June 08, 2011*

DEBTOR: CESAR M. DOBLE

CASE NO.:10-11296-MM13

ADV. NO.:   10-90308-MM

25.  The Court continued the hearing to July 12, 2011 at 10:00 a.m., to allow the Debtor one more opportunity to provide the required documents and comply with this Court's orders, and for the Debtor to obtain new counsel.  The Court stated its intention to issue an Order to Show Cause as to why the Bankruptcy Case and Adversary Proceeding should not be dismissed if the Debtor does not comply with the provisions of this Order.

26.  The Court issues this Order to Show Cause why the Debtor's petition under Chapter 13 and the Adversary Proceeding should not be dismissed, due to the Debtor's failure to appear at scheduled hearings and  failure to comply with this Court's orders.  If the Debtor does not comply with the deadlines outlined below in this Order, the Court will grant the Trustee's Objection and dismiss this case pursuant to this Court's authority under 28 U.S.C. § 157, 11 U.S.C. § 105, and 11 U.S.C. § 1307.  This dismissal may be effectuated prior to the July 14, 2011 hearing if the Debtor does not comply with the scheduling obligations of this Order.

THEREFORE, good cause appearing, the Court orders as follows:

a.  On or before June 28, 2011, Defendants must file an amended proof of claim which identifies One West as the loan servicer on behalf of Deutsche Bank, and which attaches evidence of both Deutsche's Bank's authority to enforce the note and One West's authority to act on behalf of Deutsche Bank.

b.  On or before June 28, 2011, St. John must file with the Court, in camera, an explanation regarding his failure to appear on behalf of the Debtor at the April 19th and the May 31st hearings, his failure to respond to this Court's Scheduling Order, and his failure to provide the loan modification package and his billing statements to Defendants' counsel.  This should include medical records regarding his medical disability.  If the Debtor has not filed a Substitution of Counsel by June 28, 2011, St. John must

*Signed by Judge Margaret M. Mann June 08, 2011*

DEBTOR: CESAR M. DOBLE                                          CASE NO.:10-11296-MM13

                                                               ADV. NO.:   10-90308-MM

also file by June 28, 2011 a motion to withdraw as counsel if he still seeks to withdraw as the Debtor's counsel.

    c.  On or before June 28, 2011, the Debtor must do the following:

        1.  File with the Court a modified plan and a declaration regarding payment of Deutsche Bank's post-petition arrearage, in compliance with the April 22, 2011 Scheduling Order.

        2.  Provide to the Chapter 13 Trustee all due and unpaid plan payments, and all due diligence documents requested by the Trustee, as described in the Trustee's Statement of Case filed May 26, 2011.

        3.  Submit to Defendants' counsel both the completed loan modification package provided to St. John, and St. John's billing records for the Adversary Proceeding.

    d.  If the Debtor does not comply with these requirements by June 28, 2011, then prior to the July 14, 2011 hearing the Chapter 13 Trustee and/or Defendants may submit a declaration providing evidence of the Debtor's noncompliance, and an order for dismissal of this Bankruptcy Case and the Adversary Proceeding.  This Court may then, in its discretion, order this case dismissed and vacate the July 14, 2011 hearing without further notice.

IT IS SO ORDERED.