1  Mark Ankcorn (166871)
   ANKCORN LAW FIRM, PC
2  110 Laurel Street
   San Diego, California 92101
3  (619) 870-0600
   (619) 684-3541  fax
4  *mark@markankcorn.com*

5  Attorneys for Debtor and Plaintiff Cesar M. Doble

6

7

8                    UNITED STATES BANKRUPTCY COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 In re                                   Case No. 10-11296-MM13
                                           Adversary No. 10-90308-MM
12 **Cesar M. Doble,**

13       Debtor.

14 **Cesar M. Doble,**                     **Stipulation to Approve Settlement**

15       Plaintiff,

16       v.

17 **Deutsche Bank National Trust
   Company,** et al.,
18
         Defendants.
19

20

21 **To the Hon. Margaret M. Mann, United States Bankruptcy Judge**:

22       Debtor and Plaintiff Cesar M. Doble ("Plaintiff") and Defendants Deutsche Bank

23 National Trust Company and OneWest Bank, FSB (collectively the "Banks"), together stipulate

24 and jointly move this Court for an order pursuant to Federal Rule of Bankruptcy Procedure 9019

25 and Local Bankruptcy Rule 9019-1 to approve the settlement of Plaintiff's claims against

26 Defendants and dismiss the above-captioned adversary proceeding (the "Adversary

27 Proceeding"), with prejudice, as more specifically detailed in the fully executed Settlement

28 Agreement and Release (the "Settlement Agreement") attached hereto as Exhibit A.  Upon

approval of the settlement between the parties, Plaintiff will dismiss the underlying bankruptcy case.

This stipulation is entered into pursuant to Federal Rule of Bankruptcy Procedure 9019 on the grounds that Plaintiff has determined that it is not in his best interest or the interests of the estate to continue litigation against the Banks in light of the uncertainty of outcome in the Adversary Proceeding and that the settlement reached is both fair and reasonable. Continued prosecution of the Adversary Proceeding would be costly, time consuming, and unlikely to lead to a more favorable result in that the terms as agreed will compensate Plaintiff fully for all harm alleged.

Accordingly, Plaintiff and the Banks jointly and respectfully request that this Court enter an order, substantially in the form of the proposed order submitted concurrently with this Stipulation:

1. Approving the Settlement Agreement, as set forth in <u>Exhibit A</u>, attached hereto;

2. Directing that payments made by the Bank to Plaintiff in accordance with the terms of the Settlement Agreement be made to the "Ankcorn Law Firm Client Trust Account";

3. Dismissing the Adversary Proceeding, with prejudice; and

4. Granting such other and further relief as is just and appropriate in the circumstances.

Dated: December 6, 2012        Ankcorn Law Firm, PC

*/s/ Mark Ankcorn*

Attorney for Plaintiff and Debtor Cesar M. Doble


Dated: December 6, 2012        Allen Matkins Leck Gamble Mallory & Natsis LLP

*/s/ Joshua A. del Castillo*
Attorney for Defendants Deutsche Bank National Trust Company and OneWest Bank, FSB

# Exhibit A

Case 10-90308-MM    Filed 12/06/12    Doc 100    Pg. 3 of 8

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made and entered into as of December __, 2012, by and between Cesar Doble ("Mr. Doble") and Martha Doble ("Mrs. Doble") (collectively, the "Dobles"), on the one hand, and Deutsche Bank National Trust Company ("Deutsche Bank") and OneWest Bank, FSB ("OneWest") (collectively the "Banks"), on the other hand. The Dobles and the Banks are occasionally collectively referred to herein as the "Parties", and each of the Dobles and the Banks, individually, as a "Party".

### R E C I T A L S:

A.   In March 2005, the Dobles obtained a mortgage loan (the "Loan") in the amount of $650,000.00, secured by a deed of trust (the "Deed of Trust") on the real property located at 1466 Heatherwood Avenue, Chula Vista, California 91913 (the "Property"). All documents memorializing the Loan, including the Deed of Trust, were executed by the Dobles at the time the Loan was obtained.

B.   The Loan was later deposited into a securitization trust for which Deutsche Bank serves as the trustee. OneWest is the present servicer for the Loan and is authorized by Deutsche Bank to enforce the terms of the Loan.

C.   On June 28, 2010, Mr. Doble filed a petition under chapter 13 of the Bankruptcy Code, commencing the chapter 13 bankruptcy case styled In re Cesar M. Doble, USBC, Southern District of California, Case No. 10-11296-MM13 (the "Bankruptcy Case").

D.   On June 29, 2010, Mr. Doble filed an adversary complaint against the Banks, commencing the adversary proceeding styled Doble v. Deutsche Bank Nat'l Trust Co., et al., USBC, Southern District of California, Adv. No. 10-90308-MM (the "Adversary Proceeding").

E.   In the context of the Bankruptcy Case and the Adversary Proceeding, and among other things, Mr. Doble challenged the Banks' standing as creditors in the Bankruptcy Case and their ability to enforce the terms of the Loan, including by a foreclosure of the Property.

F.   The Bankruptcy Case and Adversary Proceeding remain pending before the United States Bankruptcy Court for the Southern District of California (the "Bankruptcy Court").

G.   It is the intent of the Parties to completely and fully settle, compromise, and resolve any and all differences, disputes, and claims between them up to and including the date hereof, concerning, arising out of, or relating to, the Loan, the Property, the Bankruptcy Case, and the Adversary Proceeding, including all claims alleged therein.

## AGREEMENT

In consideration of the foregoing recitals and mutual agreements stated herein, the Parties agree as follows:

1. <u>Court Approval.</u> This Agreement shall be expressly conditioned upon approval by the Bankruptcy Court. Within five (5) business days after the execution of this Agreement, Mr. Doble shall file with the Bankruptcy Court any materials necessary to secure approval of this Agreement, along with a request for the contemporaneous dismissal of both the Bankruptcy Case and the Adversary Proceeding, with prejudice (the "Approval Order"). This Agreement shall be null and void if not approved by the Bankruptcy Court.

2. <u>No Additional Damages Awards or Sanctions.</u> Neither the Dobles nor anyone acting on their behalf shall make any application, motion, demand, or request to the Bankruptcy Court or to any judicial tribunal for the imposition of any additional damages award, sanctions, or other fees or costs, whether payable to any Party or to any court. In the event that a court imposes a sanction or fee upon the Banks in connection with the Bankruptcy Case or the Adversary Proceeding, the Banks reserve the right to offset such sanction or fee against any payments due or paid under this Agreement.

3. <u>Property Shall Be Vacated.</u> The Dobles shall vacate the Property within forty-five (45) days after the date the Bankruptcy Court enters the Approval Order, and shall leave the Property in broom-clean, serviceable condition, with all personal property removed. If, despite the Dobles' obligation to remove personal property, any personal property is not removed, it will deemed abandoned and discardable. Concurrently with or before vacating the Property, the Dobles shall deliver all keys, garage door openers, door and gate codes, and similar access materials to a representative to be designated by OneWest.

4. <u>Payment by the Banks.</u> The Banks will pay Mr. Doble a total of $55,000.00, as follows:

   a. The first payment, in the amount of $20,000, will be made within ten (10) business days after the later of (i) the Bankruptcy Court's entry of the Approval Order and (ii) the Banks' receipt of a completed W-9 form from Mr. Doble; and

   b. The second payment, in the amount of $35,000, will be made within ten (10) business days after confirmation that the Dobles have vacated the Property in accordance with Paragraph 3 of this Agreement. If the Dobles do not vacate the Property in a timely manner, that failure shall reflect a waiver of Mr. Doble's right to collect the second payment, but shall not reflect a concession by the Banks to allow the Dobles to remain in the Property.

5. <u>General Release by the Dobles.</u> The Dobles and their respective relatives, heirs, agents, attorneys, successors and assigns, release and forever discharge the Banks, whether in their own capacities or in their own capacities as trustees, and their respective agents, predecessors, successors and assigns, ("Bank Related Parties") from any and all actions, causes

of action, suits, judgments, debts, liabilities, claims and demands whatsoever, known or unknown, at law or equity, which either of them ever had or may have, now or in the future, against the Banks and the Bank Related Parties related to the Loan, the Property, the Bankruptcy Case, and the Adversary Proceeding, including all claims alleged in and/or that could have been alleged in the Adversary Proceeding, and all claims for attorneys' fees and costs.

6.  1542 Waiver. The Dobles waive all rights against the Banks and the Bank Related Parties under California Civil Code § 1542 which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH A CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

7.  Representations and Warranties. None of the Parties nor any other person has made any promise, representation or warranty whatsoever, be it express, implied or statutory, not contained herein to induce the signing of this Agreement, and the Parties further acknowledge that none of them has signed this Agreement in reliance upon any promise, representation or warranty not contained in this Agreement. This Agreement contains the entire agreement among the parties with respect to the subject matter of this Agreement and supersedes and replaces all prior negotiations, understandings and agreements, written and oral, with respect to the subject matter hereof.

8.  Acts in Furtherance of Purpose of Agreement. Each of the Parties to this Agreement shall execute all documents and do all acts necessary to carry out the purpose of this Agreement.

9.  Waiver. No breach of any provision of this Agreement can be waived unless in writing. Waiver of any one breach of any provision of this Agreement is not a waiver of any other breach of the same or of any other provision of this Agreement. Amendment of this Agreement may be made only by written agreement signed by the Parties who are affected by the amendment.

10. Choice of Law and Venue. This Agreement shall in all respects be interpreted, enforced, and governed by and under federal bankruptcy laws and the laws of California. Any action brought to enforce the provisions of this Agreement may be brought before a court of competent jurisdiction located in San Diego County, in the State of California. The Parties expressly acknowledge and agree that this term shall be treated as both a choice of law and venue provision.

11. Ambiguity and Intended Meaning. Neither this Agreement nor any ambiguity herein, shall be interpreted for or against any Party because any Party or its agent drafted any provisions of the Agreement. This Agreement shall instead be interpreted according to its intended meaning. Each Party participated actively in the negotiation and drafting of this

Agreement, and no Party shall argue that any other Party was the designated "drafter" of this Agreement.

12. <u>No Admission of Liability.</u> This Agreement settles all known or contemplated claims. The terms of this Agreement shall not be construed as an admission of liability by any Party at any time for any purpose.

13. <u>Settlement Authority.</u> Each respective Party, in signing this Agreement, warrants that he/she/it is vested with the authority to bind the entity/individual on behalf of which he/it has signed. Each Party further warrants that he/she/it has not assigned or transferred to any person or entity any claim or other matter released herein.

14. <u>Recitals.</u> The Parties agree that all provisions of this Agreement are contractual and not mere recitals.

15. <u>Confidentiality.</u> Except as may be required to secure Bankruptcy Court approval of this Agreement, each of the Parties hereto agrees to maintain as confidential and not to disclose to any person, firm, governmental agency or corporation, the contents and/or terms of this Agreement, except where it is necessary to do so in order to enforce a Party's rights under this Agreement, for accounting, audit, tax or insurance purposes, or in compliance with an order from a court of competent jurisdiction or other judicial process. Should any Party be served with a court order or other judicial process requiring release of the contents or terms of this Agreement or the Agreement itself, such Party shall give written notice to the other Parties within five (5) business days of receipt of the aforesaid order or judicial process.

16. <u>Execution in Counterparts.</u> This Agreement may be executed by fax or e-mail PDF and/or in counterparts and, if so executed, each fax, e-mail PDF, and/or counterpart shall have the full force and effect of an original.

**REMAINDER OF THIS PAGE INTENTIONALLY BLANK**

17. <u>Attorneys' Fees and Costs.</u> Except as indicated herein, the Parties hereto shall each bear their own costs and attorneys' fees incurred in connection with this Agreement, the Bankruptcy Case, and the Adversary Proceeding, including but limited to, the negotiation and documentation of this Agreement. If any proceeding, action, suit, claim, or arbitration is undertaken to interpret or enforce this Agreement, or to enforce the underlying obligations, the prevailing Party shall be entitled to reasonable attorneys' fees and costs incurred in such dispute.

Dated: December 5, 2012

CESAR DOBLE

By: _____
Cesar Doble

Dated: December 5, 2012

MARTHA DOBLE

By: _____
Martha Doble

Dated: December 4, 2012

DEUTSCHE BANK NATIONAL TRUST COMPANY, by its attorney-in-fact, ONEWEST BANK, FSB

By: _____ Charles Boyle
Its: _____ Vice President

Dated: December 4, 2012

ONEWEST BANK, FSB

By: _____ Charles Boyle
Its: _____ Vice President